UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ZANE L., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C20-5854-MLP <br><br> ORDER |

## I.   INTRODUCTION

Plaintiff seeks review of the denial of his application for Supplemental Security Income. Plaintiff contends the administrative law judge ("ALJ") erred in assessing his residual functional capacity ("RFC"), evaluating his testimony, assessing a Cooperative Disability Investigations Unit ("CDIU") report, and assessing the medical opinion evidence. (Dkt. # 11 at 2.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II.   BACKGROUND

Plaintiff was born in 1971, has a high school diploma, and has no past relevant work. AR at 33. In October 2015, he applied for benefits, with an amended alleged onset date of December 31, 2015. *Id*. at 21, 360-65. His application was denied initially and on reconsideration, and he

ORDER - 1

requested a hearing. *Id.* at 202-05, 209-18. After the ALJ conducted a hearing in July 2017 (*id*. at 43-66), the ALJ issued a decision finding Plaintiff disabled. *Id.* at 179-90.

The Appeals Council reviewed the ALJ's decision *sua sponte*, indicated the intent to remand the case to an ALJ due to errors in the decision and provided counsel an opportunity to respond. AR at 265-71. After reviewing counsel's arguments (*id*. at 459-63), the Appeals Council remanded the matter for further proceedings. *Id*. at 191-99. A different ALJ held hearings in October 2018 and January 2019 (*id*. at 67-136), obtained medical expert testimony, and subsequently issued a decision finding Plaintiff not disabled. *Id*. at 21-34.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 1.)

### III.    LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical

ORDER - 2

testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV.   DISCUSSION

### A.   The ALJ Did Not Err in Failing to Define Plaintiff's Exertional Abilities in Function-by-Function Terms

At step four, the ALJ must identify a claimant's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including a required narrative discussion. *See* 20 C.F.R. § 416.945; Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 (Jul. 2, 1996). Plaintiff contends that the ALJ's RFC assessment is erroneous because it describes his exertional limitations in terms of an ability to perform light work, without more specificity as to his ability to stand, walk, sit, push, pull, lift, or carry. (Dkt. # 11 at 4-6.) The Ninth Circuit recently considered a similar argument and held that reference to an exertional category defined in the regulations and SSR 83-10 adequately defines the exertional capabilities of a claimant. *See Terry v. Saul*, 998 F.3d 1010, 1012-13 (9th Cir. 2021).

As in *Terry*, the Court finds that the ALJ's reference to "light work" as defined in the regulations adequately defines Plaintiff's exertional abilities, given that SSR 83-10 defines "light work" to require standing/walking off and on for approximately six hours per workday, with intermittent sitting for the remainder of the workday. *See* 1983 WL 31251 at *5-6 (Jan. 1, 1983). This SSR also notes that the regulations define light work to require lifting or carrying no more than 20 pounds at a time, and 10 pounds frequently. *Id.* (referencing 20 C.F.R. § 416.967(b)).

ORDER - 3

Accordingly, the Court finds no error in the ALJ's expression of Plaintiff's RFC via reference to a defined exertional category.

### B. The ALJ Did Not Err in Evaluating Plaintiff's Testimony

The ALJ summarized Plaintiff's testimony and explained that he discounted it because: (1) Plaintiff's allegations were not supported by and were inconsistent with the medical evidence,[1] (2) Plaintiff's allegations were undermined by his lack of treatment for his complaints, (3) Plaintiff made inconsistent statements about his nightmares and suicidal ideation, and (4) Plaintiff's activities were inconsistent with the symptoms Plaintiff reported. AR at 26-31. In the absence of evidence of malingering, an ALJ's reasons to discount a claimant's testimony must be clear and convincing. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff challenges the ALJ's findings with regard to his activities. (Dkt. # 11 at 6-9.) Specifically, Plaintiff argues that the ALJ erred in citing his biking as inconsistent with his allegations. (*Id*.) The ALJ noted that Plaintiff reported *inter alia* experiencing pain in his neck, shoulders, hips and back that was so severe it made him "cry[] his eyes out" every morning, and that he rated his back pain 12 or 13 and his shoulder pain "past 10" on a scale of 1-10. AR at 26-27. The ALJ found that Plaintiff's allegations were inconsistent with his reports of biking every day and his testimony that he could ride a bike all day long. *Id*. at 31.

Plaintiff mounts several challenges to the ALJ's findings with respect to his biking. First, Plaintiff notes that in the prior fully favorable decision, the previous ALJ did not find Plaintiff's

---

[1] In his reply brief, Plaintiff summarizes various medical findings that he suggests would support a finding of disability (dkt. # 13 at 3), and contends that he "has demonstrated substantial evidence of his disability throughout the record." (*Id*. at 4.) Plaintiff is essentially asking the Court to reweigh the evidence to find him disabled, but the Court's review is limited to reviewing the ALJ's decision for substantial evidence. *See Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997) ("[T]he key question is not whether there is substantial evidence that could support a finding of disability, but whether there is substantial evidence to support the Commissioner's actual finding that claimant is not disabled.").

ORDER - 4

biking disqualified him from receiving disability benefits. (Dkt. # 11 at 7.) Plaintiff fails to note that the Appeals Council reversed this decision and specifically indicated that Plaintiff's activities (including biking) suggested that he was not as limited as he had alleged. *See* AR at 195-96. The prior ALJ decision does not support Plaintiff's challenge to the ALJ's findings regarding biking in the decision under review.

Next, Plaintiff argues that his biking activity could be found to be consistent with his allegation that he can only walk 4-5 minutes before needing a break, because he could have been biking at a leisurely pace for short distances, and he testified that he finds biking to be easier than walking. (Dkt. # 11 at 7-8.) This could be one way to interpret the evidence, but the ALJ's interpretation is not unreasonable, particularly in light of Plaintiff's hearing testimony that he could ride his bike all day long. *See* AR at 79-80. This testimony is inconsistent with Plaintiff's description of excruciating pain in his neck, shoulders, hips, and back. *See, e.g.*, *id*. at 86-94. Plaintiff has not shown that the ALJ's interpretation of the evidence is unreasonable, and thus has not shown that the ALJ erred in finding his biking activity to be inconsistent with his allegations. *See Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").

Plaintiff also argues that the ALJ erred in relying on his volunteer activities as a basis for discounting his allegations, because such limited activity does not demonstrate he is capable of full-time work. (Dkt. # 11 at 9.) The ALJ did not cite Plaintiff's volunteer activity as a reason to discount his allegations, however. Thus, this line of argument does not establish error in the ALJ's decision.

ORDER - 5

Moreover, the ALJ did not rely on Plaintiff's activities as evidence showing that he could work full-time. Instead, the ALJ cited Plaintiff's activities as inconsistent with his allegations, which is a proper basis for relying on a claimant's activities. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (activities may undermine credibility where they (1) contradict the claimant's testimony or (2) "meet the threshold for transferable work skills"). Plaintiff has not shown that the ALJ unreasonably found his activities to be inconsistent with his alleged limitations, or in discounting his testimony on this basis.

**C.    The ALJ Did Not Err in Assessing the CDIU Report**

The record contains an investigation report describing an interview with Plaintiff and several witnesses. AR at 780-92. The ALJ referred to some of the activities mentioned in the report, but did not assign any particular weight to the report. *Id*. at 31-32.

Plaintiff argues that the CDIU report should have been given very little weight because he was "stoned" during his interview and the activities he described do not necessarily contradict his allegations. (Dkt. # 11 at 10-11.) As noted *supra,* the ALJ did not weigh the CDIU report, which undercuts Plaintiff's argument regarding the weight it should have been afforded. Furthermore, although Plaintiff minimizes the extent of his activities, he has not shown that the ALJ was unreasonable in finding that his activities were inconsistent with the physical and mental limitations he alleged. Because Plaintiff has not shown that the CDIU report was not relevant, probative evidence, or that the ALJ unreasonably interpreted it, Plaintiff has not shown that the ALJ erred with respect to the CDIU report.

**D.    The ALJ Did Not Err in Assessing Medical Opinion Evidence**

Plaintiff argues that the ALJ erred in assigning significant weight to State agency opinions and discounting the opinions of consultative examiners and the testifying medical

ORDER - 6

1 | expert ("ME").² According to Plaintiff, the examining providers' opinions were entitled to more
2 | weight because they examined him. (Dkt. # 11 at 11-12.)
3 |       Under regulations applicable to this case, the fact that providers had the opportunity to
4 | examine Plaintiff is a factor that could support assigning more weight to their opinions, but even
5 | examining providers' opinions may be discounted upon providing specific, legitimate reasons.
6 | *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996). In this case, Plaintiff has not shown
7 | that any of the ALJ's reasons to discount medical opinions failed to meet this standard.³
8 |       First, Plaintiff contends that the ALJ erred in discounting a psychological opinion due to
9 | inconsistency with Plaintiff's medical records just before his release from prison in late 2015,
10 | during which time Plaintiff reported minimal symptoms. *See* AR at 31 (discounting a January
11 | 2016 opinion). Plaintiff argues that his improvement during that time period resulted from his
12 | access to housing, food, medical attention, and "[m]ost relevant[,]" mental health counseling
13 | (dkt. # 11 at 12-13), but this argument does not establish error in the ALJ's decision. The ALJ is
14 | tasked with determining Plaintiff's RFC, which is the most he can do, and the ALJ did not err in
15 | considering Plaintiff's functioning while receiving treatment. *See Wellington v. Berryhill*, 878
16 | F.3d 867, 876 (9th Cir. 2017) ("evidence of medical treatment successfully relieving symptoms
17 | can undermine a claim of disability.").
18 |       Plaintiff next contends that the ALJ erred in focusing on his lack of treatment because
19 | "throughout the entire medical record, [he] has demonstrated an established pattern of not
20 | seeking treatment for his chronic, recurrent pain and other complaints. Rather, [he] tends to seek
21 | treatment for onsets of *new* pain, often acute in nature and caused by sudden injury[.]" (Dkt. # 11

---

² Plaintiff erroneously contends in his brief that the ME examined him. (Dkt. # 11 at 11-12.)
³ The ALJ provided multiple reasons to discount the medical opinions, and Plaintiff does not challenge all of them. *See* AR at 31-32.

at 14.) Plaintiff does not explain why a pattern of untreated chronic pain would either bolster his allegations or show error in the ALJ's decision. An ALJ is entitled to consider the extent of a claimant's treatment for disabling pain when assessing a claimant's allegations or a doctor's description of disabling limitations. *See, e.g.*, *Orn*, 495 F.3d at 638 ("Our case law is clear that if a claimant complains about disabling pain but fails to seek treatment, or fails to follow prescribed treatment, for the pain, an ALJ may use such failure as a basis for finding the complaint unjustified or exaggerated."); *Evans v. Berryhill*, 759 Fed. Appx. 606, 608 (9th Cir. Jan. 7, 2019) (affirming an ALJ's rejection of a treating physician's opinion in part because plaintiff "received only sporadic treatment for his condition").

Here, the ALJ noted Plaintiff's failure to seek ongoing treatment for his physical complaints or his mental health conditions, and also cited Plaintiff's lack of treatment as inconsistent with a psychological examiner's opinion. AR at 30-31. Although Plaintiff argues that his lack of treatment is understandable due to the logistical, financial, physical, and mental barriers he faces to receiving treatment (dkt. # 13 at 4), he does not acknowledge that the record contains examples of his declining or failing to follow up on offered treatment. *See, e.g.*, AR at 1093, 1153, 1167, 1199, 1494, 1547. The ALJ also cited evidence suggesting that Plaintiff sought emergency treatment for drug-seeking purposes. *See id*. at 28 (citing *id*. at 1198). Under these circumstances, Plaintiff has not shown that the ALJ was unreasonable in finding that his lack of ongoing treatment undermined his complaints of disabling symptoms as well as a medical opinion suggesting the same. Plaintiff has not shown that these portions of the ALJ's decision are erroneous.

//

//

ORDER - 8

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 10th day of January, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge